## CARBOLA CHEMICAL CO., Inc., v. TRUNDLE ENGINEERING CO. et al.

District Court, S. D. New York.

Dec. 26, 1942.

See also 3 F.R.D. 502.

Edward J. Welch, of New York City (Charles P. Rogers, of New York City, of counsel), for plaintiff.

Jackson, Nash, Brophy, Barringer & Brooks, of New York City, for defendant Trundle Engineering Co.

LEIBELL, District Judge.

This is a motion by the defendant, the Trundle Engineering Co., for leave to add the Wellman Engineering Co. as a third-party defendant, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The Carbola Chemical Company, Inc., producer of powdered talc at its mine and plant at Natural Bridge, County of Jefferson, State of New York, is a New York corporation. The present corporate defendant, the Trundle Engineering Co., renders services as consulting engineers. The Wellman Engineering Co. manufactures industrial machinery. The Trundle Co. and the Wellman Co. are Ohio corporations, but both have branch offices for the transaction of business in the Borough of Manhattan, City of New York.

The plaintiff and the defendant, the Trundle Engineering Co., entered into a contract on or about November 20, 1939, whereby for a sum, dependent in part upon the number of engineers assigned to the job and the number of days of employment, the Trundle Co. agreed to study and report upon plaintiff's machinery and equipment at its talc grinding plant, with a view to increasing the efficiency of the plant. A copy of the agreement is annexed to the plaintiff's second amended complaint. The Trundle Co. entered upon the performance of its duties and submitted three reports on March 7, 11 and April 29, 1940, respectively. Copies of the reports are annexed to the defendant Trundle Co.'s answer to the plaintiff's second amended complaint.

The said complaint alleges that the equipment suggested in the Trundle Co.'s

reports was purchased by the plaintiff from the Wellman Co. in reliance on the reports, and asserts that the machinery was so faulty and defective that it had to be abandoned, to the plaintiff's financial loss. The said complaint attempts to state several claims against the Trundle Co. (including claims against certain individual defendants associated with the latter corporation). Although the claims are allegedly different, one of the basic similarities in all five claims is the contention that the equipment complained of was purchased by plaintiff from the Wellman Co. because the Trundle Co. recommended it, that plaintiff had no knowledge to prompt the purchase other than pure reliance upon the defendant's advice, and that the defendant was negligent or worse in recommending the purchase.

In the "Fourth" paragraph of the answer of the Trundle Co., to the plaintiff's second amended complaint, it is alleged that the machinery and equipment were purchased and accepted by plaintiff on the basis of satisfactory tests conducted by the Wellman Co. in Cleveland upon its demonstrator machinery and equipment, using material furnished by plaintiff; that said machinery and equipment "failed to operate efficiently"; and that this was "through no fault on the part of this defendant" (Trundle Co.), "but solely because of the fault, negligence and wrongful conduct either of The Wellman Engineering Company, or of plaintiff, or both."

The Trundle Co., in support of this motion and in its proposed third-party complaint, alleges that the plaintiff, using material from its own talc mine prior to the purchase of the machinery from the Wellman Co., conducted tests at the plant of the Wellman Co., using the latter's demonstration machinery and equipment, and that as "a result of tests" the plaintiff in February 1940 entered an order for the purchase of the machinery and equipment from the Wellman Co., which was completely installed by the Wellman Co. in plaintiff's New York plant by July 1940 and was accepted by plaintiff. The third-party complaint states that whatever damages the plaintiff sustained were "caused by the fault, negligence and wrongful conduct of the defendant, The Wellman Engineering Co." All that the Trundle Co. presently contends is that the plaintiff has instituted its action against an innocent party and has mistaken its real defendant.

The plaintiff apparently has stated one or more valid claims for relief against the defendant Trundle Co. and if the evidence sustains the allegations of the second amended complaint it may be that plaintiff will recover a judgment against the Trundle Co. at the trial.

■ Here the plaintiff had two separate contracts; one with the Trundle Co. for engineering services, another with the Wellman Co. for the purchase and installation of machinery and other equipment. If the Wellman Co. is or may be liable to the plaintiff for all or part of plaintiff's claim against the Trundle Co., then the defendant's motion is properly made and the defendant should be granted leave to serve a summons and a third party complaint upon the Wellman Co. as a third-party defendant pursuant to Rule 14(a), Federal Rules of Civil Procedure. It appears that there was some connection or relationship between the work to be done under the defendant Trundle's contract of employment with plaintiff and the machinery to be constructed and installed under the Wellman contract with plaintiff. What the rights and liabilities of the parties may be, should be left to the determination of the trier of the facts, with all three parties properly before the Court. No matter which way the allegations of the pleadings are analyzed, viewed and considered, this seems to be a situation where Rule 14(a) properly applies. The primary object of the Rule will be served by granting this motion. It will avoid circuity of action and permit the determination in the one action of the rights and liabilities of the parties growing out of a set of facts through which they are all, in some way, tied into the central controversy. Eastman Kodak v. McAuley, D.C., 2 F.R.D. 21.

Plaintiff's attorney contends that the plaintiff's action against the defendants "is based upon the doctrine of negligence in the spoken word and liability for carelessness in making statements which were relied upon by the plaintiff, and which acted to its damage, and various representations made by the defendants, which the plaintiff relied upon and which were false, with the resultant damage to the plaintiff" and that this "is a tort action." Plaintiff's counsel also urges that the defendant Trundle Co.'s third-party complaint against the Wellman Co. alleges liability in tort of that company to plaintiff.

502

The brief of plaintiff's counsel then argues that Trundle Co. and Wellman Co. are joint tort-feasors and therefore there can be no forced contribution from Wellman Co. to Trundle Co. under the New York law, and further that plaintiff need not sue both joint tort-feasors if it does not wish to. From that it is concluded that it would be a futile act to permit the Trundle Co. to bring in the Wellman Co. as a third-party defendant. One answer to that argument is that plaintiff does not itself plead that the Wellman Co. was a joint tort-feasor with the Trundle Co. Nor does the Trundle Co. make any such allegation. In fact the defendant Trundle Co. in its third-party complaint asserts that "it duly performed each and all of the conditions of its said contract with the plaintiff" (Par. 11). However, when the Wellman Co. is brought in as a third party-defendant, plaintiff may be satisfied that its own position in this litigation has been improved, and not harmed. If the Wellman Co. is in fact a joint tort-feasor with the Trundle Co., I would expect that plaintiff would welcome this addition. Of course, if there is any special or private reason why the plaintiff would prefer to place all the blame and liability on the Trundle Co. and let the Wellman Co. out, that in itself may be a very good reason for bringing in the Wellman Co. in order to assure a proper trial of all the issues and a just determination of the question of liability.

Rule 14(a), Federal Rules of Civil Procedure, in providing for the type of relief sought by a petitioning defendant, speaks of a third party "who is or may be liable to him or to the plaintiff." It is possible that at the trial evidence will be produced which will justify the defendant's contentions as to the liability of the Wellman Co. to the plaintiff, or the evidence may support a claim over of Trundle Co. against the Wellman Co. I cannot say positively at this time that neither result is likely. "Under Rule 14 of the Federal Rules * * *, a defendant may bring in a third party who 'is or may be liable' either to the original defendant or to the original plaintiff. This is quite different from Section 193, subdiv. 2 of the New York Civil Practice Act, which merely allows a defendant to bring in a third party against whom there is a liability over. Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R.

578. * * *" Lensch v. Boushell Carrier Co., Inc. (Casari), D.C.S.D.N.Y., 1 F.R.D. 200.

Permitting the defendant to bring in the Wellman Engineering Co. does not ignore the question of requisite Federal jurisdiction, despite the fact that the petitioner and third-party defendant corporations are both Ohio corporations with no diversity of citizenship between them. This is in accord with the weight of authority and is on the theory of an ancillary proceeding. Sussan v. Strasser, D.C., 36 F. Supp. 266; Barkeij v. Don Lee, Inc., D. C., 34 F.Supp. 874. Also, see § 14.02 of Moore's Federal Practice, and cases there cited. Of course, there is diversity of citizenship between the plaintiff and the Wellman Co.

I do not feel that the petitioner has been guilty of laches under all the circumstances presented for the Court's consideration in the affidavit submitted by plaintiff, nor will the granting of the relief sought herein unduly delay the trial of the action. The action was added to the calendar of jury cases about six weeks before this motion was made.

Defendant's motion is granted. Submit order on notice.