## TEVINGTON v. INTERNATIONAL MILLING CO. (SCHMAHL SHEET METAL WORKS, Inc., third-party defendant).

### Civ. 1889.

District Court, W. D. New York.

March 16, 1945.

See also, D.C., 62 F.Supp. 462.

William J. Brock, of Buffalo, N. Y., for plaintiff.

Adams, Smith, Brown & Starrett, of Buffalo, N. Y. (Edmund S. Brown, of Buffalo, N.Y., of counsel), for third-party plaintiff.

Selby G. Smith, of Buffalo, N. Y., for third-party defendant.

KNIGHT, District Judge.

The plaintiff was injured while employed as a grain shoveler on a boat being unloaded at the International Milling Company's (hereinafter referred to as the Milling Company) elevator at Buffalo, New York. The complaint alleges negligence in that a hook in use broke causing plaintiff to be struck and injured by a shovel.

▋ The Milling Company answered with a denial of its negligence, and alleged plaintiff's negligence and certain other defenses. It then secured an order from this court under Federal Rules of Civil Procedure, rule 14(a), 28 U.S.C.A. following section 723c, bringing in the Schmahl Sheet Metal Works, Inc. (hereinafter referred to as Schmahl) as third party defendant, upon the allegation that, if the Milling Company was liable to plaintiff, Schmahl, who had made the hook that broke, was in turn liable to the Milling Company for the damages sustained because of Schmahl's negligent construction of the broken hook.

After service of the complaint, Schmahl appeared specially and now moves to vacate

the order, set aside the service of the third party complaint and to strike out the Milling Company's claim as against them upon the ground that the order bringing in Schmahl as third party defendant was improperly made.

Schmahl relies mainly on Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178 (Id., D.C., 2 F.R.D. 270; certiorari denied Cranston v. Thompson, 319 U.S. 741, 63 S. Ct. 1028, 87 L.Ed. 1698). That case differs in that the third-party defendant there, among other things, sought contribution. Here the Milling Company alleges total liability in Schmahl and the right to recover all damages imposed upon it. Vide: Carbola Chemical Co., Inc., v. Trundle Engineering Co., D.C., 3 F.R.D. 500.

Further, it is not believed that the Milling Company and Schmahl are joint tort feasors. Schmahl occupies the position of an indemnitor to the Milling Company. Burris v. American Chicle Co., D.C., 120 F. 2d 218. His liability to the Milling Company is based on the breach of an implied warranty. Crim v. Lumbermen's Mutual Cas. Co., D.C., 26 F.Supp. 715; Saunders v. Goldstein (Southern Dairies, Inc.), D. C., 30 F.Supp. 150; Jeub v. B/G Foods, Inc., D.C., 2 F.R.D. 238; Carbola v. Trundle, supra; and cases cited in Moore's Federal Practice, Vol. 1, sec. 14; Lensch v. Boushell Carrier Co., Inc., D.C., 1 F.R.D. 200; Kravas v. Great A. & P. Tea Co., D. C., 28 F.Supp. 66.

It is true, as asserted by the third party defendant, that numerous cases cited by the defendant and third party plaintiff are such as show a legal relationship between the parties which under the law casts liability upon the one sued for the negligence of another. It is believed that there is a legal relationship between the two in the instant case, though it may arise from different type of relationship. Here there is a relationship or primary and secondary liability.

The rule of law in New York is well stated in Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 67 N.E. 439, where it is said: "The plaintiff's alleged liability must, therefore, be predicated upon the rule of law under which a person guilty of negligence is charged with the responsibility for his wrongful act, not only directly to the person injured, but indirectly to a person who is legally liable therefor. In the latter case the wrongdoer stands in the relation of indemnitor to the person who has been held legally liable, and the right to indemnity rests upon the principle that every one is responsible for the consequences of his own wrong, and, if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former."

It is true that there was shown a contractor and subcontractor relationship, but the foregoing statement of the rule is general. See also, Wanamaker, New York v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718; Tomko v City Bank Farmers Tr. Co., D.C., 3 F.R.D. 31; Sec. 93 Restatement of the Law of Restitution.

In Brady v. Black Diamond S. S. Co., D. C., 45 F.Supp. 338, it is said the defendant cannot implead a third party defendant on the ground that the third party alone, and not the third party plaintiff, is liable to the plaintiff. This statement of the rule is in conflict with other decisions. However, it is distinguishable from the case at bar because the defendant and third party plaintiff not only alleges that the third party defendant is wholly liable but also that it, third party defendant, is entitled to recover any sums for which it might be held liable.

The motion must be denied.