**L. E. TALCOTT & SONS, INCORPORATED, a Connecticut corporation, and the Century Indemnity Company, a Connecticut corporation, Plaintiffs,**

v.

**AURORA CORPORATION, a corporation of the State of Delaware, Defendant.**

Civ. A. No. 2022.

United States District Court
D. Delaware.

July 1, 1959.

William H. Bennethum, Wilmington, Del., for plaintiffs.

Joseph H. Flanzer, Wilmington, Del., for defendant.

RODNEY, District Judge.

■ This was a motion to dismiss the complaint for failure to state a cause of action upon which relief can be granted, the motion being based on the Statute of Limitations.[1]

The facts must be largely ascertained from the complaint alone.

It is alleged Aurora Corporation, the defendant (formerly Dearborn Motors Corporation), prior to January 22, 1953, "sold and/or consigned" to the plaintiff, L. E. Talcott & Sons, Incorporated (then doing business under the corporate title of The Nicoll Talcott Corporation), "A 'Dearborn' Tractor and Loader";[2] that on or about January 22, 1953, the plaintiff (Talcott) sold the tractor to Clark Tractor Co., which in turn sold it to William S. Raymond, of South Salem, New York.

On June 11, 1954, Raymond instituted suit in Fairfield County, Connecticut, against Clark Tractor Company for injury sustained by Raymond by reason of the rupturing of a hydraulic hose on the loader. At the trial of the recited suit all allegations of negligence were dismissed and Raymond recovered a judgment of $15,000 against Clark Tractor Company based on breach of warranty.

On or about January 21, 1957, Clark Tractor Company brought suit in Connecticut against L. E. Talcott and Sons, Inc., one of the present plaintiffs, based on Talcott's breach of warranty of the

tractor and loader and failure to defend the Raymond suit whereby Clark was compelled to pay Raymond. Clark Tractor Company recovered judgment against Talcott in the sum of $17,550 which is alleged to have been paid.

The complaint in the present case alleges that Talcott, on June 26, 1957, instituted an action against Aurora, the present defendant, in the U. S. District Court for the Eastern District of Michigan, Southern Division, based on breach of warranty, but the action was dismissed for failure to obtain service of process. The present action followed.

■ The complaint is somewhat difficult to understand. The defendant conceives the action as based on implied warranty. Upon this basis and since the sale by the defendant to the plaintiff was ."prior to January 22, 1953" and the present suit instituted on July 18, 1958, the defendant pleaded the Delaware Statute of Limitations of three years.[3] The fact that the loader was originally sold outside the State makes applicable another Delaware Statute,[4] which provides that where a cause of action arose outside of Delaware, no action could be brought in a Court of Delaware after the expiration of the shorter period prescribed either by the Delaware Statute or the statute of the state where the cause of action arose. That a cause of action for breach of warranty of quality or fitness accrues at the time of sale is the law of Delaware as shown in Gaffney v. Unit Crane & Shovel Corp., 10 Terry 381, 49 Del. 381, 117 A.2d 237.

The plaintiff does not dispute but tacitly admits that a cause of action based on breach of warranty accrues at the time of sale of the article concerning which the warranty was given. It contends, however, that its cause of action is not based upon a breach of warranty but is based upoon a right of "indemnity" under which Talcott is entitled to recover

1. The motion is a mere motion "to dismiss the complaint" but it is assumed it is intended as a motion under Rule 12 (b) (6), 28 U.S.C.A.

2. It is not alleged that Aurora Corpora-

tion or its predecessor was the manufacturer of the tractor and loader.

3. 10 Del.Code § 8106.

4. 10 Del.Code § 8120.

for an amount which it paid and which should have been paid by Aurora. The plaintiff contends that the right of action in such case accrues at the date of payment and the Statute of Limitations begins to run at such time.

■ Indemnity, I think, is not a substantive cause of action existing of and by itself but is a right or legal principle which comes into existence as a concomitant right with reference to an independent cause of action to which it is attached.

■ There are several kinds of indemnity both as to character (e. g., indemnity against liability and indemnity against loss) and as to origin (viz., indemnity originating in contract, express or implied and indemnity arising by operation of law). I am only now concerned with the origin of the claimed indemnity.

■■ Reversing the foregoing order, I first consider indemnity arising by operation of law. This is usually expressed as follows:

"A person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether the contractual relations existed between them or not."[5]

"The right to indemnity rests upon the principle that everyone is responsible for the consequences of his own wrong, and, if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former."[6]

A cause of action in such case, based on the payment made for the tort of another, accrues at the time the payment was made.

There is no allegation or suggestion in the present complaint as to any negligence on the part of the defendant.

■ Indemnity arising by operation of law is only one instance of its origin. Ordinarily or very often, the right of indemnity arises from a contract, express or implied, between the parties.[7]

Another instance of where a vendee may have recourse against his vendor is where the vendee has been compelled to pay damages and such damages are the result of a violation of a contractual relation, express or implied, between the original vendor and the original vendee. This might be illustrated by the sale of an article with an implied warranty for its fitness for the purpose for which it was intended. In such case the cause of action would accrue at the time of the original sale. Whether in such case any right of indemnity would exist beyond the implied warranty of fitness must depend upon the language of the contract or the facts from which such liability could be implied. Unless the original contract so provided, it would be difficult to determine that a vendee holding under an implied warranty of fitness could retain the article beyond any statute of limitations and then sell it with his own warranty of fitness and, having made good on his own warranty, hold his original vendor upon a claim of indemnity and not upon the warranty of fitness. Such result would imply that the vendee could make inoperative any statute of limitations or create and control his own limitation.

■ As heretofore stated, there is no suggestion in the complaint of any negligence on the part of the defendant, although the authorities relied upon by the plaintiff such as Sections 86 and 96 of the Restatement of the Law of Restitution are based upon that principle. There is also an entire lack of information as to the terms of any contract between the parties or of any facts from which the contractual terms may be implied other than that of an implied warranty of fitness as to which the statute

5. 27 Am.Jur., Indemnity, § 18, p. 467.

6. Tevington v. International Milling Co., D.C.W.D.N.Y.1945, 71 F.Supp. 621, 622;

Tomko v. City Bank Farmers Trust Co., D.C., 3 F.R.D. 31.

7. Am.Jur., Indemnity, § 6, p. 458; 42 C.J.S. Indemnity § 2, p. 564.

of limitations is pleaded. Because, however, it is not the policy under the Rules of Civil Procedure to dismiss a complaint when the facts may entitle the plaintiff to relief,[8] an order will be entered indicating that the complaint will be dismissed unless the plaintiff, within 30 days of said order, shall file an amended complaint showing facts having a tendency of avoiding the pleaded statute.

---

8. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581.