**L. E. TALCOTT & SONS, INCORPORATED**, a Connecticut corporation, and **The Century Indemnity Company**, a Connecticut corporation, Plaintiffs,

v.

**AURORA CORPORATION**, a corporation of the State of Delaware, Defendant.

Civ. A. No. 2022.

United States District Court
D. Delaware.

Feb. 9, 1960.

**582**

William H. Bennethum, of Wilmington, Del., for plaintiffs.

Joseph H. Flanzer, of Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

This is a further step in the litigation reported in D.C., 176 F.Supp. 783. It seems advisable to restate some of the averments of the original complaint and amendment. It is alleged that the Aurora Corporation, the defendant, prior to January 22, 1953 "sold or consigned" to the plaintiff, L. E. Talcott & Sons, Inc. "a Dearborn tractor and loader"; that on or about January 22, 1953 the plaintiff (Talcott) sold the tractor to Clark Tractor Company, which in turn sold it to William S. Raymond, of South Salem, New York.

On June 11, 1954 Raymond instituted suit in Fairfield County, Connecticut against Clark Tractor Company (its vendor) for injury sustained by Raymond by reason of the rupture of the hydraulic hose on the loader. At the trial of the recited suit all allegations of negligence were dismissed and Raymond recovered a judgment against Clark Tractor Company, based solely on breach of warranty.

On or about January 21, 1957 Clark Tractor Company brought suit in Connecticut against L. E. Talcott & Sons, Inc., one of the present plaintiffs, based on Talcott's breach of warranty of the tractor and loader and failure to defend the Raymond suit whereby Clark was compelled to pay Raymond. Clark Tractor Company recovered judgment against Talcott, which is alleged to have been paid.

The complaint in the present case alleges that Talcott on June 26, 1957 instituted an action against Aurora, defendant, in the U. S. District Court for the Eastern District of Michigan, Southern Division, based on breach of warranty, but the action was dismissed for failure to obtain service of process.

In the present case under the original complaint the defendant, conceiving the action to be based on implied warranty, pleaded the statute of limitations.

The present plaintiff in the original complaint had not indicated any charge of negligence as such against the defendant but claimed that its action was based upon a right of "indemnity".

This Court in the recited proceedings (D.C., 176 F.Supp. 783) held that the right of indemnity did not exist of and by itself but comes into existence as a concomitant right with reference to an independent cause of action to which it is attached. Because there was no allegation of negligence in the original complaint but because it was conceived that it was not the policy under the Rules of Civil Procedure to dismiss a complaint where the facts might entitle the plaintiff to relief, it was indicated that the complaint would be dismissed unless the plaintiff within a stipulated time should file an amendment showing facts entitling the plaintiff to a cause of action.

The plaintiff thereupon filed an amendment charging that:

"The Defendant, manufacturer of the Dearborn tractor referred to herein, was negligent in failing to manufacture a product of merchantable quality and one that could be used for the purpose for which it was intended without doing physical violence to the user."

On August 25, 1959 the defendant moved to dismiss the amendment on the ground that the amendment simply realleged allegations based on breach of

warranty. Prior to the determination of this motion and on November 10, 1959, the defendant filed a motion to dismiss the complaint and amendment on the ground that they failed to state a claim upon which relief could be granted.

I am of the opinion that the complaint and amendment should be dismissed. This result, I think, is required from two viewpoints.

First: The amendment, I think, does not materially change the situation as existed under the original complaint. The negligence purported to be charged by the amendment is substantially the warranty of fitness treated in the original opinion.

Second: It seems entirely clear that when Talcott, the present plaintiff, was found liable to Clark Tractor Company the liability was based solely on the implied warranty of fitness; that when Clark Tractor Company had been found liable to Raymond such liability was based solely on breach of warranty and all allegations of negligence were expressly dismissed.

Between the present defendant and either Raymond or Clark Tractor Company there was no privity of contract, they both being sub-vendees. It must necessarily follow that when Talcott paid anything to Clark Tractor Company or when Clark Tractor Company paid anything to Raymond, in neither case did such payments discharge any liability of Aurora to either Clark or Raymond.

In addition to the authorities listed in the former opinion, I have examined the authorities cited by counsel in their present briefs. It seems unnecessary to cite and discuss or distinguish these authorities. In a large measure they consider the liability of a manufacturer to a purchaser based on negligence where such purchaser has been held liable to a sub-purchaser on negligence or where a purchaser had been held liable to a sub-purchaser in breach of contract and the purchaser has sued the manufacturer for breach of contract while such claim was enforceable.

The only case cited requiring specific mention is Cohan v. Associated Fur Farms, 261 Wis. 384, 53 N.W.2d 788, 794, where the principles here adopted seem approved.

The foregoing is not to say that Aurora might not have been liable to Talcott upon an implied contract for fitness for use if there had been such contract and if such claim by Talcott had been made while the claim was legally enforceable. In such event the defendant, Aurora, might have been liable for consequential damages. The sale from Aurora to Talcott was made prior to January 22, 1953. The present action was instituted July 18, 1958. The defendant has pleaded the statute of limitations and it is tacitly conceded that the statute of limitations is three years.

It is equally clear that I am not saying that if Talcott had made a payment for which Aurora was originally liable to the person to whom the payment was made, as for instance for negligence or for tort, that Talcott in such case would not, by indemnity, be entitled to recover from Aurora.

What I am saying is that when Talcott had made a payment solely for its own breach of warranty to a person in no privity with Aurora, that Talcott cannot, I think, recover by indemnity such payment from Aurora where such claim for breach of warranty is barred by the statute of limitations.

The complaint and amendment must be dismissed and an appropriate order may be submitted.