**INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY et al., Complainants-Appellees,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section.

Oct. 25, 1972.

Certiorari Denied by Supreme Court April 16, 1973.

Nelson, Norvell, Wilson, McRae, Ivy & Sevier, Timothy A. Ryan, Memphis, for defendants-appellants.

Neely, Green & Fargarson, Memphis, for complainants-appellees.

CARNEY, Presiding Judge.

The Chancellor awarded Indiana Lumbermens Mutual Insurance Company, complainant-appellee, a judgment for $1,567.50 as indemnity against the defendant-appellant, State Farm Mutual Automobile Insurance Company. The appellant, State Farm Mutual, had liability coverage of a 1958 Pontiac automobile owned by Joseph

Green. Indiana Lumbermens Mutual was the liability carrier of a 1968 Buick owned by R. C. McClure. The McClure liability policy also carried uninsured motorist coverage.

On November 17, 1968, in Memphis, Tennessee, Joseph Green, driving a Volkswagen owned by his son-in-law, Jerry Wayne King, with the permission of his son-in-law, ran into the rear of the 1968 Buick owned by R. C. McClure and driven by Mrs. McClure. Mrs. Gussie Mae Coleman, a passenger in the McClure automobile, and Mrs. McClure were injured. The McClure Buick was damaged.

Mr. and Mrs. McClure and their passenger, Mrs. Gussie Mae Coleman, all made claim, through their attorney, against State Farm Mutual as the carrier of liability on Green's 1958 Pontiac. State Farm Mutual's policy with Green provided for coverage of a temporary substitute automobile. At the time of the accident Green's 1958 Pontiac automobile was not in operation because the front end was out of alignment, the left tail light was out, and the Pontiac had failed to pass inspection of the City of Memphis Motor Vehicle Inspection Center.

State Farm Mutual denied coverage of the Volkswagen being driven by Joseph Green at the time of the accident on the ground that the Volkswagen was not a temporary substitute automobile within the meaning of its policy. State Farm also relied upon the one-year statute of limitation and refused to pay Mr. and Mrs. McClure or Mrs. Coleman anything. The proximate negligence of Green was conceded.

After State Farm denied coverage, Mr. and Mrs. McClure and Mrs. Coleman made claim against Indiana Mutual under the uninsured motorist provision of the McClure policy. Indiana did not go to trial but settled all the claims in the total amount of $1,567.50. Immediately thereafter Indiana Mutual filed suit in Chancery Court for indemnity from State Farm Mutual averring that State Farm Mutual did, in fact, have coverage of the Volkswagen driven by Green under the temporary substitute automobile clause of the Green policy issued by State Farm.

The Chancellor heard the case upon oral testimony and stipulations of fact. The Chancellor found that at the time of the accident Joseph Green was driving a temporary substitute automobile within the meaning of State Farm Mutual's policy and that State Farm Mutual was legally obligated to provide coverage for its insured, Joseph Green.

His Honor the Chancellor further held that the one-year tort statute of limitation relied upon by State Farm Mutual was not applicable to the case at bar because Indiana Lumbermens Mutual's claim was one for indemnity and not one for subrogation and that the six-year statute of limitations governed the case. See Carolina Casualty Insurance Co. v. Harmon, 57 Tenn.App. 527, 420 S.W.2d 652; and Canal Insurance Co. v. Paul, 51 Tenn.App. 446, 369 S.W.2d 393.

■ State Farm Mutual has appealed and made two assignments of error: (1) that His Honor the Chancellor erroneously found that Joseph Green was driving a temporary substitute automobile within coverage of his liability policy at the time of the action; and (2) that the statute of limitations of one year should apply. We find the preponderance of the evidence to support His Honor the Chancellor's finding that Green was, in fact, driving a temporary substitute automobile and did, in fact, have liability coverage with State Farm Mutual at the time of the accident. Hence, assignment of error No. I is respectfully overruled.

■ This Court also affirms the finding of His Honor the Chancellor that complainant's suit is one of indemnity and not one of subrogation. By virtue of its contract of insurance State Farm Mutual was

legally obligated to represent and defend Joseph Green against the claim for damages by Mr. and Mrs. McClure and Mrs. Coleman. If Joseph Green had been cast in a lawsuit, State Farm Mutual would have been liable for the judgments.

When State Farm denied coverage of Joseph Green in the premises, Mr. and Mrs. McClure and Mrs. Coleman had the option of proceeding against McClure's insurance carrier, Indiana Lumbermens, under the uninsured motorist coverage clause of the McClure policy. Indiana Lumbermens did not deny its legal obligations to its policyholder and amicably settled the claim for the total amount of $1,567.50. It is stipulated in the record that before Indiana Lumbermens paid the money to the McClures and Mrs. Coleman, Indiana called upon State Farm Mutual to extend coverage to Joseph Green and to take care of the damages sustained by Mr. and Mrs. McClure and Mrs. Coleman. State Farm Mutual declined to take any part in any of the negotiations on the grounds that it had no insurance of Joseph Green arising out of the accident in question.

We agree with His Honor the Chancellor that if Indiana Lumbermens had, in fact, sued Joseph Green for recovery of the $1,567.50 which it had paid to Mr. and Mrs. McClure and Mrs. Coleman, then this would have been a suit for subrogation and the one-year statute of limitations would have applied. The claim of the McClures against Joseph Green was one in tort and governed by the one-year statute of limitations.

The case at bar is governed by the case of Southern Coal and Coke Co., Inc. v. Beech Grove Mining Company, Inc., 53 Tenn.App. 108, 381 S.W.2d 299. Southern Coal and Coke Company was the selling agent of the defendant, Beech Grove Mining Company.

Southern Coal sold a quantity of coal for use in the United States Atomic Energy Commission plants at Oak Ridge and became liable under federal law for penalties if the coal being sold was mined by a company failing to comply with the minimum wage standards and provisions applicable under the Walsh-Healey Public Contract Act. Southern Coal was required to pay $34,729.47 to the United States Department of Labor because the Beech Grove Mining Company had failed to pay the minimum wage as required by such law. Southern Coal brought suit for indemnity and was allowed to recover. We quote from Judge Cooper's opinion as follows:

"As a general rule, 'a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.' Restatement of Restitution, Chap. 3, Sec. 76, p. 331.

"The right to indemnity rests upon the principle that everyone is responsible for the consequences of his own wrong, and, if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former. See L. E. Talcott & Sons, Inc. v. Aurora Corporation, D.C., 176 F.Supp. 783."

In the case at bar State Farm Mutual was primarily liable for the payment of the damages to Mr. and Mrs. McClure and to Mrs. Coleman.

The decree of His Honor the Chancellor is affirmed and the costs of this appeal taxed against the appellant.

MATHERNE and NEARN, JJ., concur.