## Witoski v. Mechanicsburg Porsche-Audi, Inc.

*Henry Coyne,* for plaintiff.

*Franklin A. Miles, Jr.,* for defendant Mechanicsburg Porsche-Audi.

*Thomas B. Schmidt, III,* for additional defendant Volkswagen of America.

*David B. Dowling,* for additional defendant William Witkoski.

BAYLEY, *J.,* December 7, 1984—Plaintiff, Frank C. Witkoski, instituted a suit against defendant Mechanicsburg Porsche-Audi, Inc. on May 10, 1984. He avers that he purchased a 1978 Audi 5000 automobile from defendant on November 28, 1977. He further avers that the automobile developed paint blisters on the roof, trunk and hood on or about March 30, 1978, and that defendant painted the vehicle and allegedly corrected these "defects" without cost to him. He states that defendant, without cost to him, repainted the entire vehicle in February, 1979 and then again in early 1981.

Plaintiff avers that rust reappeared on May 20, 1983, "and defendant issued a check for $380 to plaintiff to have the automobile painted." Plaintiff claims that to do the work properly will require an expenditure of $2,739.14.

Paragraphs 12 and 13 of plaintiff's complaint aver:

12. Plaintiff has always promptly and routinely kept defendant apprised of the on-going problems he has experienced with his automobile.

13. Defendant has presently refused to continue to correct the defective condition of the automobile, despite requests by plaintiff to do so.

The complaint demands judgment against defendant "in the sum of $19,000 which is the current

market value of defendants (sic) vehicle or in the alternative that defendant (sic) accept from plaintiff (sic) the sum of $3,000 plus defendant's (sic) vehicle in exchange for defendants delivery to plaintiff a comparable 1984 Audi four door sedan."

Defendant, Mechanicsburg Porsche-Audi, Inc. filed preliminary objections to plaintiff's complaint, raising among other issues, an allegation of plaintiff's lack of capacity to sue based upon an averment that plaintiff's wife, Romayne Witkoski, is the current registered owner of the subject automobile. On August 16, 1984, plaintiff filed a petition to amend his complaint seeking to add his wife as a party plaintiff upon a claim that she is an indispensable party to the suit. A rule was issued on defendant Mechanicsburg Porsche-Audi, Inc. and Volkswagen of America, Inc., one of the additional defendants, to show cause why the petition to amend the complaint should not be granted. Both of these parties have objected to the amendment, raising the statute of limitations as a defense.

The issues have been briefed and argued and are ready for decision.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

However, an amendment may not be used to add a new party following the running of the statute of limitations. Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965); Runkle v. LocTrung Kha Vo, 33 Cumberland L.J. 288 (1983); Coatman v. Alpha Racquetball, Inc., 34 Cumberland L.J. 80 (1984).

Pennsylvania Rule of Civil Procedure §2232(c) provides:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action. . . ."

But, as has been noted in Goodrich-Amram 2d §2232(c):3:

"The power granted in subdivision (c) or Rule 2232 is necessarily limited by the statute of limitations. A person can not be joined as a plaintiff, regardless of how indispensable he might be, if the statute would bar him from bringing an independent suit. If a person is truly indispensable, his nonjoinder is a fatal defect. If he is not indispensable, the action may proceed without him."

The statute of limitations for this contract for sale is set forth in former section 2-275 of the Uniform Commercial Code, which provided in pertinent part:

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause

of action accrues when the breach is or should have been discovered."[1]

This suit was commenced on May 10, 1984, over six years and five months from the date the automobile was purchased on November 28, 1977. Plaintiff claims that his wife, who he avers to be an indispensable party, may be joined because the four years statute of limitations runs from May, 1983, when further efforts to resolve the rust problem with defendant proved unsatisfactory or at least from early 1981 when defendant last painted the automobile.

Since we are within four years of early 1981 when defendant completely repainted the car, as well as May 20, 1983, when the rust reappeared and plaintiff was unable to obtain a suitable adjustment from defendant, we must determine whether either of these two dates may be utilized for extending the four year statute of limitations from the date of delivery. Plaintiff maintains that defendant's attempt to repair the defect invokes the application of a legal doctrine that some jurisdictions have developed in cases such as the present case. This doctrine has been recently explored by the Superior Court in A. J. Aberman, Inc. v. Funk Bldg. Corp., 278 Pa. Super. 385, 420 A.2d 594 (1980), wherein it was noted:

---

1. The Act of April 6, 1953, P.L. 3 §725, Reenacted October 2, 1959, P.L. 1023, §32, 12A P.S. §2-275. This statute has been repealed. The statute of limitations for contracts for sale with similar provisions is now set forth at 13 Pa.C.S. §2725(a) and (b), effective January 1, 1980; see also 42 Pa.C.S. §5525(2). Subsection (d) of the new statute provides: "Laws and actions unaffected by section.—This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this title becomes effective." Delivery of the subject vehicle in this case was made on November 28, 1977.

"In Little Rock School District v. Celotex Corp., 264 Ark. 757, 574 S.W.2d 669 (1979), the court considered the vendor's attempts to repair a leaking roof as conduct that might have tolled the statute of limitations, and therefore held that the attempts raised a factual question for resolution by the jury, stating that a statute of limitations 'is tolled so long as the vendor insists that the defect can be repaired and is attempting to do so.' " Id. at 767, 574 S.W.2d at 674, quoting Louisville Silo & Tank Co. v. Thweatt, 174 Ark. 437, 295 S.W. 710 (1927). See Weeks v. Slavik Builders, Inc., 24 Mich.App. 621, 180 N.W.2d 503, aff 'd, 384 Mich. 257, 181 N.W.2d 271 (1970) (repairs to leaking roof tolled statute of limitations). See also Bulova Watch Co. v. Celotex, 46 N.Y.2d 606, 415 N.Y.S.2d 817, 389 N.E.2d 130 (1979) (action in breach of warranty for leaking roof barred by statute of limitations but actions on warranty bonds not barred as each breach of promise to repair under bond represents separate cause of action).

The doctrine that repairs by a defendant may toll the statute of limitations has not been accepted by all of the jurisdictions that have had occasion to consider it. Compare Little Rock School District v. Celotex, supra; Southern Calif. Enterprises, Inc. v. D.N. & E. Walter & Co., 78 Cal.App.2d 750, 178 P.2d 785 (1947); Bewley Furniture Co. v. Maryland Casualty Co., 271 So.2d 346 (La.App. 1972); [and] Nowell v. Great Atlantic & Pacific Tea Co., 250 N.C. 575, 108 S.E.2d 889 (1959); with Binkley Co. v. Teledyne Mid-America Corp., 333 F.Supp. 1183 (D.C. Mo. 1971), aff 'd, 460 F.2d 276 (8th Cir. 1971); Bobo v. Page Engineering Co., 285 F.Supp. 664 (W.D., Pa. 1967), aff 'd, 395 F.2d 991 (3d Cir. 1968); [and] K/F Development & Investment Corp. v. Williamson Crane and Dozer Corp., Fla.App., 367

So.2d 1078 (1979). As expressed by the Arkansas Court in Little Rock School District v. Celotex, supra, the doctrine represents nothing more than a particularized form of the more general doctrine of estoppel, for not only must defendant attempt to make repairs but he must also represent to the plaintiff's detriment that the repairs will be sufficient to cure the defect. See Annotation, 68 A.L.R.2d 1277 (1976). See also Walker Manufacturing Company v. Dickerson, Inc., 560 F.2d 1184 (4th Cir. 1977); City of Kingsport v. S.C.M. Corp., 352 F.Supp. 288 (E.D., Tenn. 1972). Without reliance by plaintiff upon defendant's representations that his repairs will cure the defect, there is no estoppel. Thus mere attempts to repair unaccompanied by representations that the repairs will cure the defect should not toll the statute of limitations. Compare Zahler v. Star Steel Supply Co., 50 Mich.App. 386, 213 N.W.2d 269 (1973), with Weeks v. Slavik Builders, Inc., supra. See Annotation, supra; Gaffney v. Unit Crane and Shovel Corp., 49 Del. 381, 117 A.2d 237 (1955); Bowman v. Oklahoma Natural Gas Co., 385 P.2d 440 (Okl. 1963).

The appellate courts of this state apparently have not yet decided whether to adopt the repair doctrine, although the Federal District Court in Bobo v. Page Engineering Co., supra, relying on the decision by the court of common pleas in Lewis v. Jacobsen, 30 D.&C.2d 623 (1962)[5], concluded that the doctrine

5. In Lewis v. Jacobsen, supra, plaintiff purchased a potato harvester from defendant in 1956. Dissatisfied with the performance of the harvester during the 1956 season, plaintiff returned it to defendant's factory for repairs. Plaintiff again used the harvester in 1957 but it still did not work properly. In 1958 the parties again cooperated in trying to put the harvester in working order. Plaintiff finally brought suit in 1962. In hold-

would be rejected. With respect to the correctness of the district court's conclusion, it should be noted that both the Supreme Court and this court have recognized that in context other than repairs, a plaintiff may show that defendant is estopped to invoke the statute of limitations. See Nesbitt v. Erie Coach Co., 416 Pa. 89, 204 A.2d 473 (1964) (promise to settle may have lulled plaintiff into false sense of security); Acker v. Palena, 260 Pa. Super. 214, 393 A.2d 1230 (1978) (defendant physician's promise that vision would return); Barshady v. Schlosser, 226 Pa. Super. 260, 313 A.3d(sic) 296 (1973) (defendant physician's assurances that condition was temporary). See also Walker Manufacturing Company v. Dickerson, Inc., supra (settlement negotiations). Since the repair doctrine would seem nothing more than a form of estoppel, we cannot say with any degree of certainty that it would be rejected by the Supreme Court or this court."

The court in Aberman was interpreting the six year statute of limitations for contracts of construction in the now repealed Act of March 27, 1713, 1 Sm. L. 76 §1, 12 P.S. §31.[2] It then chose not to decide whether the repair doctrine applied to this statute because:

"[T]he record demonstrates that while Funk attempted to repair the roof, he never admitted that there was a defect, much less represent that his repairs would cure it. Thus, no estoppel could arise . . .

---

ing the suit barred by the four year statute of limitations, the court stated that "there is nothing in the pleadings which would suspend the statute's operation. The allegation in the complaint that plaintiffs and defendant cooperated in trying to repair the machine up until the summer of 1958 is insufficient for such purpose." Id. at 625.

2. Currently at 42 Pa.C.S. §5527.

Moreover, in a letter to Aberman on September 25, 1967, Funk refused to be responsible for any more repairs and told Aberman to hire someone else to repair the roof. Therefore, on that date any estoppel even arguably created by Funk's previous attempt to repair the roof would have ended, and the statute of limitations would have started to run. Appellants, however, did not bring their action until more than six years later. . . ."

Although hardly articulated with preciseness, we might conclude that plaintiff's averments that the Audi was completely repainted in the spring of 1981, after having already been repainted in February of 1979, as well as having been repainted on March 30, 1978, does constitute an implied admission by defendant that the vehicle was defective and that repairs would cure it.[3] Then, on May 20, 1983, defendant appears to have attempted to wash its hands of the entire matter by simply paying to plaintiff $380 even though plaintiff avers that the sum is wholly deficient to correct defects that go back to the date the car was delivered in 1977.

Although the dicta in Aberman suggests that the Superior Court believes that the Supreme Court might adopt the repair doctrine for contracts of construction, we are inclined to agree with the Federal District Court in Bobo v. Page Engineering Co., supra, that the Supreme Court of Pennsylvania will not adopt this doctrine, at least with respect to the statute of limitations for contracts for sale. The Uniform Commercial Code, in both the former section

---

3. While we might construe paragraph 12 of the complaint as an averment of an admission by defendant that there was a defect, there is nothing in the pleadings that could be construed as an averment that defendant expressly represented that the defect could be cured.

2-275 and the current section 2725(b), specifically sets forth that a cause of action accrues when the breach occurs ". . . regardless of the aggrieved party's lack of knowledge of the breach." A breach of warranty occurs upon delivery of the goods "except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

Plaintiff has not pleaded that there was any extension of any warranty by defendant until a breach was or should have been discovered. Furthermore, plaintiff has alleged that the defect was initially discovered when repairs were made on March 30, 1978. This suit was commenced well after four years from even that date.

Where the legislature has set forth a four year statute of limitations for contracts for sale and specifically delineated the manner in which that limitation may be extended, we do not believe that the Pennsylvania Supreme Court will judicially extend that limitation period under the guise of a form of estoppel.[4]

Accordingly, since the complaint in this case was filed after the applicable statute of limitations, plaintiff obviously cannot join another party after the statute of limitations has run.

## ORDER OF COURT

And now, this December 7, 1984, plaintiff's petition to amend the complaint to add Romayne Witkoski as an indispensable party, is denied.

---

4. The result might be different if a defect was known and defendant lulled plaintiff into letting the statute of limitations pass upon a promise to make future repairs to cure the defect.