JULIEN LEWIS and ESTELLE O. LEWIS v. DELAWARE TRUST COMPANY, a Corporation of the State of Delaware.

*(March* 12, 1947.)

SPEAKMAN and PEARSON, J. J., sitting.

*Joseph A. L. Errigo* and *Robert C. Barab* for petitioners.

*Richard F. Corroon* (of the firm of Southerland, Berl and Potter), for respondent.

Superior Court for New Castle County, No. 147, January Term, 1947.

PEARSON, J., delivering the opinion of the court:

In November, 1932, petitioners executed a promissory note under seal payable to respondent sixty days after date.

The note contained a power of attorney authorizing the confession of judgment at any time after the date of the note. In September 1941, respondent brought an action of debt on the note and obtained a judgment by confession, under the power of attorney, against petitioners. The usual method of making such a confession of judgment was apparently followed. This method does not require that a defendant be given notice of the action and does not contemplate the assertion of defenses by a defendant. In December 1946, petitioners filed a petition which the parties have agreed should be treated as a petition to open the judgment to enable petitioners to interpose the defense that the note and warrant of attorney were barred by Section 5131 of the *Revised Code* of 1935, before the commencement of the action. That section provides: "5131. Sec. 8. Promissory Note &c.:—When the cause of action arises from a promissory note, bill of exchange, or an acknowledgement under the hand of the party of a subsisting demand, the action may be commenced at any time within six years from the accruing of such cause of action."

The question is whether the words "promissory note" in this statute include a promissory note under seal. If so, then obviously the six-year period of limitation had run before the action was brought; if not, then the action was not barred, for we have no statute specifically fixing a period of limitation for an action on an obligation arising out of a sealed instrument. There is merely a presumption of payment, under a rule of common law, after twenty years from the accrual of the cause. *Garber v. Whittaker*, 23 *Del. Ch.* 45, 2 *A.* 2d 85.

Petitioners contend, in substance, that the words "promissory note" are not expressly qualified with respect to a seal but are broad and generic, and therefore, include any instrument which may for any purpose be denominated a

"promissory note." But the absence of express reference to a seal does not answer the question here. We must still ascertain how the words "promissory note" in the statute before us should be interpreted, and to do so must give heed to any proper interpretational considerations we find relevant. Petitioners seem to approach the problem by assuming that the words are used in a sense which would include a note under seal, which is tantamount to assuming what they seek to prove.

Section 5131 is one of four sections referred to in Section 5129 which fixes a period of limitation for various personal actions in the following language: "No action of trespass, no action of replevin, no action of detinue, no action of debt not found upon a record or specialty, no action of account, no action of assumpsit, and no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action; subject, however, to the provisions of the four next following sections."

The pertinent language of Sections 5129 and 5131 is markedly similar to the provisions of a single section of an act adopted in 1829, 7 *Laws of Del.*, Ch. 137, Sec. 5, pp. 266-268, which read thus: "That no action of trespass, no action of replevin, no action of detinue, no action of debt not founded upon a record or specialty, no action of account, no action of assumpsit and no action upon the case whatever, shall be brought after the expiration of three years from the accruing of the cause of such action: Except that the time prescribed by the preceding limitation shall not begin to run in the case of a mutual and running account between parties, while such account continues open and current; and that when the cause of action arises from a promissory note, bill of exchange or an acknowledgment under the hand of the party of a subsisting demand, the action may be com-

menced at any time within six years from the accruing of such cause of action."

The clause referring to a promissory note in the 1829 act appears as an exception to the preceding provisions; and its purpose was, manifestly, to exclude certain actions from those for which a three-year limitation period was established, and to fix a six-year period instead for the excluded actions. Now, none of the actions for which a three-year period was established were actions on a sealed instrument. We think it not a usual function of an exception such as this to attempt to exclude from a class items which never were members of the class as originally defined. Consequently, it is reasonable to construe the promissory note provision of the excepting clause as not embracing actions on a sealed promissory note.

The provisions of the 1829 act appear without change in the Code of 1829, p. 397. They are found divided into different sections (as they have remained since) in the Code of 1852, p. 440. This change in arrangement and the use of "subject to" instead of "except" do not, in our view, warrant a different construction of the scope of the promissory note provision.

The same result follows from another consideration. Whatever might be said of present-day usage of the words "promissory note," it is unlikely that they were used in the 1829 act to refer to a note under seal. At that time, sealed and unsealed notes were differentiated in the important respect that sealed notes were not negotiable; whereas, since the Negotiable Instruments Law, adopted in Delaware in 1911, a seal does not affect the negotiability of an instrument. *Rev. Code* 1935, Sec. 3130. The opinions in *Higgins v. Bogan,* (1845) 4 *Harr.* 330, and *Connie v. Junction & B. R. Co.,* (1866) 3 *Houst.* 288, 89 *Am. Dec.* 230, indicate that a

sealed note was regarded as so different from an unsealed note that it was rather to be classified in a different category, as a "specialty." The reasons for the distinction thus evidenced were no less operative in 1829 than when the cited cases were decided.

The provisions of the original act remain now without significant changes, and we find no reason for concluding that the words "promissory note" in the present act should be interpreted as having a different meaning from that which they had when used in 1829. Accordingly, we agree with Judge Leahy's decision in *Alropa Corporation v. Meyers*, (*D. Del.*) 55 *F. Supp.* 936, that Section 5131 does not establish a limitation period for an action based upon a promissory note under seal.

The rule directed to respondent should be discharged.