**489.137 SQUARE FEET OF LAND, be the same MORE OR LESS, Situate IN George-town Hundred, SUSSEX COUNTY, in the State of Delaware, the Bryan Corporation, a corporation of the State of Maryland, Owner, and Farmers Bank of the State of Delaware, a corporation of the State of Delaware, Mortgagee, Defendants Below, Appellants,**

v.

**The STATE of Delaware, upon the relation of Henry T. PRICE, Lemuel · H. Hickman, Thurman Adams, Jr., Harry Bonk, William G. Dorsey, C. Wardon Gass, Frank H. Mackie, Jr., Albert S. Moor, George M. Nelson, Elmer Pratt and Walter L. Wheatley, constituting the State Highway Department of the State of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Nov. 7, 1969.

W. Howard Thompson, Georgetown, for The Bryan Corporation, defendant below, appellant.

Robert W. Tunnell, of Tunnell & Raysor, Georgetown, for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and SHORT, Vice-Chancellor, sitting.

CAREY, Justice:

The Bryan Corporation (Bryan) has appealed from an order of the Superior Court in a condemnation proceeding instituted by the State Highway Department (Dept.), appellee. The order was a dismissal of an amended answer, in which Bryan claimed damages for diminution of ingress into its property.

Bryan owns a lot at the southeast corner of the intersection of Routes 113 and 18 near Georgetown, on which it conducts an automobile sales agency. Route 113 runs north and south, and Route 18 runs east and west. The lot has a frontage of approximately two hundred forty feet on Route 113 and three hundred thirty feet on Route 18. The building faces west and is about sixty feet wide and one hundred eighty-five feet deep. Its northerly side is about thirty-three feet south of, and parallel to, Dept.'s right-of-way line. The land on the south side of the building is partly enclosed by a wire fence with a gate at each end. The entrance to Bryan's service department is on the south side of the building and is reached by passing through

the fenced-in portion, which is accessible from both highways.

Dept. decided to convert Route 113 into a dual highway. It planned a curved cut-off from Route 113 in order that north-bond traffic could turn easterly into Route 18 without entering the actual intersection of the two roads. For this purpose, Dept. condemned the northwesterly tip of Bryan's land, constituting a triangle with a curved base, its westerly side being 29.32 feet long and its northerly side 46.90 feet long.

In rebuilding Route 113, Dept. laid a curb along its easterly edge. This curb extends around the cut-off and continues along the southerly edge of Route 18 to a point fifty feet east of the west end of Bryan's building. In front of the gate leading into the vacant land from Route 113, the curb is depressed for a distance of thirty-five feet as an entrance for persons traveling north. The result is that Bryan's access on the west is now limited to thirty-five feet, and on the north it is reduced by about one-fourth or one-third. Prior to the erection of the curb, the land could be entered at any point along both roads, except at those places where there are electric or telephone poles.

■ The Court below was presented with certain documentary evidence, which it considered in determining the matter. The motion was properly treated as an application for summary judgment. Super.Ct. Rule 12(b), Del.C.Ann.

■ The order entered did not dispose of the whole case and was accordingly interlocutory. Of our own accord, we have considered whether it is appealable. Our conclusion is that it adjudicates the existence or nonexistence of a substantial right and is appealable. Wagner v. Shanks, 6 Storey 555, 194 A.2d 701.

The Court below held: (1) an abutting owner on a public highway has a right to reasonable ingress and egress; (2) he is not entitled, however, to access thereto at all points in his boundary line; (3) he may not complain of a limitation which does not substantially interfere with his right of access; (4) the taking of this owner's triangle and construction of the curbing does not substantially interfere with ingress to and egress from the land and building, wherefore Bryan is not entitled to recover severance damages.

■ Bryan contends here that the limitation of access was a part of the taking and causes a diminution in value of the property which the condemnation Commission is entitled to consider. It concedes that it could recover nothing if none of its land had been taken. The fact is that Dept., without taking any land, could have limited Bryan's access exactly as it has done, by continuing the curbing along the edge of both highways to their original intersection. Admittedly, had it done so, no damages whatever could be recovered by Bryan. The reduction of access was not caused by the taking, which simply enabled Dept. to bring that curb somewhat closer to the building than it would otherwise have been. Under these circumstances, Bryan is not entitled to "severance" damages. Iowa St. Highway Comm. v. Smith, 248 Iowa 869, 82 N.W.2d 755; 3 Nichols on Eminent Domain (3rd Ed.) § 10.221.

■ The "unique and extraordinary situation" facing the Court in Commonwealth of Pennsylvania v. Appointment of Viewers, etc., 399 Pa. 586, 160 A.2d 715, differs widely from the present one. As the Court said, the curbing put on the land taken by the State effectively denied practically all access to the owners' land and improvements and caused a cessation of its commercial activities thereon. In the present case, it is quite plain that Bryan still has ample and reasonable access for its property. It is, of course, entitled to be paid for the land taken, but diminution of access is not to be considered a factor in determining damages.

■ Bryan suggests that the issue here is one of fact and should not have been re-

solved by the Court. The basic facts are not in dispute and, in our opinion, they point to only one justifiable conclusion. Summary judgment was therefore appropriate. Super.Ct.Rule 56(c); 16.50 Acres v. State ex rel. Smith, 7 Storey 353, 208 A.2d 55.

The order of the Court below will be affirmed.