**John F. HARVEY and Barbara J. Harvey, his wife**

**v.**

**SEARS, ROEBUCK AND CO., a corporation of the State of New York, and Whitelight Industries, Inc., a corporation of the State of Delaware, et al.**

Superior Court of Delaware, New Castle.

Dec. 20, 1973.

Oliver V. Suddard, Wilmington, for plaintiffs.

James F. Kipp, of Becker & Kipp, Wilmington, for defendants.

## OPINION

CHRISTIE, Judge.

This is an action seeking damages for personal injuries, medical expenses and loss of earnings alleged to have been sustained by plaintiff as a result of a fall which he experienced when an aluminum step-ladder upon which he had been standing collapsed. The defendants are Sears, Roebuck and Company which sold the ladder and Whitelight Industries, Inc., the manufacturer.

The complaint purports to state three causes of action by alleging that: (1) defendants breached an implied warranty that the ladder was fit for its intended purpose; (2) the negligence of defendants caused plaintiff's injuries; and (3) defendants are liable to plaintiff under the doctrine of res ipsa loquitur. Defendants have moved for judgment on the pleadings or, in the alternative, summary judgment with regard to the first cause of action listed above, that is, for alleged breach of an implied warranty.

The step-ladder in question had been manufactured by defendant Whitelight Industries, Inc., and had been sold in 1965 by defendant Sears, Roebuck and Company to a Mr. William White. The step-ladder, which is alleged to have collapsed on May 29, 1970, had been loaned to plaintiff through a series of other persons sometime after 1967.[1]

This Court must decide whether plaintiff is entitled to recover for a breach of implied warranty where there is a lack of privity between plaintiff and defendants.

In this connection it is important to determine whether or not the provisions of the Uniform Commercial Code apply to this case.

Under the Delaware law as it existed prior to the enactment of the Uniform Commercial Code in 1967, it was settled that there had to be privity of contract between a plaintiff and defendant if plaintiff is to successfully maintain an action for breach of an implied warranty. Ciociola v. Delaware Coca-Cola Bottling Co., Del. Supr., 172 A.2d 252 (1961). Plaintiff argues that an implied warranty ran to plaintiff as a reasonably foreseeable user of the step-ladder. Plaintiff cited no authority for this assertion but is apparently relying on that portion of the Uniform Commercial Code found in 5A Del.C. § 2–318, which provides in pertinent part:

"A sellers warranty whether express or implied extends· to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty."

For plaintiff to maintain his position, he must show that it is not the common law rule of privity but rather the Uniform Commercial Code that is controlling in this case.

The application of the Uniform Commercial Code is expressly limited "to transactions entered into and events occurring after" June 30, 1967, the date of its enactment. 5A Del.C. § 10–101. Article Two of the Code, which contains the above quoted language as to implied warranties (5A Del.C. § 2–318) applies to "transac-

---

1. The significance, if any, which attaches to the date upon which the step-ladder was loaned to plaintiff is that the Uniform Commercial Code, which was adopted in Delaware in 1967, does not apply to transactions arising prior to its enactment. Kates v. Pepsi Cola Bottling Co. of Salisbury, Md., Del. Super., 263 A.2d 308 (1970). By contending that an implied warranty ran to plaintiff as well as to the original purchaser, plaintiff is apparently suggesting that the Uniform

Commercial Code has abolished the requirement of privity. However, to reach this question, the Court would initially have to conclude that it is the post-1967 loan rather than the 1965 sale which is determinative. If the Court were to determine that the sale was the significant transaction, the subsequently enacted Uniform Commercial Code would not apply to the case and the question of whether or not the privity requirement has been abolished would be moot.

tions in goods." 5A Del.C. § 2–102. Although the term "transactions in goods" is not expressly limited to sales of goods, neither party addresses itself to the question of whether or not the term encompasses transactions other than sales such as loans.

 In the absence of any cited authority, the Court is not prepared to hold that the provisions of the Uniform Commercial Code apply to a loan for which there is no evidence of exchange of consideration. After all, it is the seller and the manufacturer, not the lender, which plaintiffs seek to hold liable, and they completed any transaction they were involved in more than a year before the Uniform Commercial Code became law. Therefore, I find that the transaction upon which the Court's attention should be focused is not the loan made subsequent to the 1967 enactment of the Uniform Commercial Code but rather the 1965 sale.

■ Since the sale occurred prior to the enactment of the Uniform Commercial Code, the provisions contained therein are found to be inapplicable under the circumstances present in this case. Thus, in the absence of privity, there is no implied warranty applicable as to the defendants in this case.

As a separate ground for defendants' motion it is also argued that a statute of limitations in 10 Del.C. § 8106 bars the implied warranty portion of this complaint.

■ The statute in question begins to run on warranty actions as well as other contract actions at the time of the breach. Nardo v. Guido DeAscanis, Del.Super., 254 A.2d 254 (1969). Although plaintiff argues that the breach of the implied warranty did not occur until the step-ladder collapsed, it is well established in Delaware that the breach of the implied warranty is deemed to occur at the time of the sale of a faulty product[2]. Gaffney v. Unit Crane

and Shovel Corp., Del.Super., 10 Terry 381, 117 A.2d 237 (1955).

As the complaint was filed on May 26, 1972, approximately seven years after the sale, I find that the action is barred by the three year statute of limitations. 10 Del.C. § 8106.

Defendants' motion for summary judgment as to the cause of action for breach of the implied warranty is hereby granted upon both of the grounds argued.

It is so ordered.

in Delaware in the limited areas such as medical malpractice cases.

---

2. In effect, plaintiff is advocating the time-of-discovery rule, which has been recognized