Augustine A. DI BIASE, Jr. and Phyllis M. Di Biase, his wife, Plaintiffs,

v.

A & D, INC., a corporation of the State of Delaware, and Frank P. Alisa, Defendants.

Superior Court of Delaware,
New Castle.

Submitted Oct. 24, 1975.

Decided Feb. 4, 1976.

Richard K. Herrmann of Bayard, Brill & Handelman, Wilmington, for plaintiffs.

L. Vincent Ramunno and Lawrence F. Hartnett, Wilmington, for defendants.

STIFTEL, President Judge.

On July 31, 1969, the plaintiffs, Augustine Di Biase, and his wife, Phyllis, entered into a contract with defendant A & D, Inc., for the construction and purchase of a residence. On March 4, 1970, the real estate settlement was held and plaintiffs took possession of the property.

Plaintiffs allege that within the first year of occupancy they noticed the formation of cracks in the garage, which was attached to the house. Dissatisfied, the

plaintiffs complained to defendant Frank P. Alisa, President of defendant A & D, Inc., who allegedly reassured them that the residence was structurally sound and attempted to repair the existing cracks. Plaintiffs took no further action at this point, relying upon Alisa's representations.

Plaintiffs contend that additional cracks appeared in the garage in the spring of 1972, at which time Alisa is alleged to have again reassured them that the structure was sound. Once again, defendants attempted to repair the damage, but shortly thereafter notified plaintiffs that they would no longer assume responsibility for such cracks in plaintiffs' residence.

The City of Newark condemned the garage in June of 1974 due to its structural weaknesses. On August 19, 1974, the plaintiffs filed this complaint, setting forth seven separate causes of action.

The defendants have filed this motion for summary judgment on the grounds that counts II through VII of the complaint are barred by the three year statute of limitations as provided in 10 Del.C. § 8106. In response, plaintiffs have filed a cross-motion for partial summary judgment on the grounds that their claims are not barred by the statute of limitations.

■ As conceded by defendants, plaintiffs' first cause of action, alleging the breach of contract executed under seal, is not controlled by 10 Del.C. § 8106. The common law rule provides that such a contract is actionable for twenty years. *Garber v. Whittaker,* Del.Ch., 23 Del.Ch. 45, 2 A.2d 85 (1938). This count is, therefore, not involved in this Court's consideration of the opposing motions for summary judgment.

\* \* \*

■ Count II of the complaint alleges that defendant A & D breached its implied warranty of good quality and workmanship contained in the contract. The breach of an implied warranty is deemed to occur at the time of sale. *Harvey v. Sears, Roebuck & Co.,* Del.Super., 315 A.2d 599 (1973); *Gaffney v. Unit Crane and Shovel Corp.,* Del.Super., 117 A.2d 237 (1955). Thus, the three-year statute of limitations, activated at the time of the breach, began to run on March 4, 1970, the date of settlement. Since this complaint was not filed until August 19, 1974, it would be barred by 10 Del.C. § 8106, if that statute is applicable.

■ Plaintiffs argue that since the contract of sale was executed under seal, the twenty-year statute of limitations which governs the contract should also apply to the implied warranties under the contract, citing *Harvey v. Sears, Roebuck & Co., supra,* as authority. In *Harvey,* however, the Court merely stated that the statute of limitations "begins to run on warranty actions as well as other contract actions at the time of the breach." *Id., supra,* at 601. The Court did not state that the warranty would remain actionable for as long as the contract was actionable. No law has been supplied that holds that implied warranty contained in a contract under seal is subject to the same twenty-year statute of limitations as the contract itself. On this summary judgment motion, plaintiffs must come forward with law to support their argument on the implied claim. In the absence of controlling law, it must be held that 10 Del.C. § 8106 applies. Plaintiffs have the opportunity to establish their argument by case law before trial.

\* \* \*

Counts III and IV of the complaint allege fraudulent concealment and negligent misrepresentation on the part of the defendants in that defendants were aware of the inadequate foundation upon which the residence was constructed but failed to inform the plaintiffs. When cracks appeared in the structure, defendants patched

them with plaster, and, following the repairs, assured plaintiffs that the structure was sound.

■ Fraudulent concealment does have an effect upon the statute of limitations. In *Halpern v. Barran*, Del.Ch., 313 A.2d 139 (1973), the Court stated at page 143:

"Where there has been fraudulent concealment from a plaintiff, the statute [of limitations] is suspended only until his rights are discovered or until they could have been discovered by the exercise of reasonable diligence. *Giordano v. Czerwinski*, Del.Supr., 216 A.2d 874 (1966). Fraudulent concealment requires that something affirmative be done by a defendant, some 'actual artifice' which prevents a plaintiff from gaining knowledge of the facts, or some misrepresentation which is intended to put the plaintiff off the trail of inquiry. *Nardo v. Guido DeAscanis & Sons, Inc.*, Del.Super., 254 A.2d 254 (1969) . . .".

Defendants assert that since plaintiffs admittedly first noticed cracks in the garage during the first year of occupancy, they were on notice in April 1971 (one year, one month, after settlement) that the defects might be in the structure's very foundation. Thus, this action, they claim, brought in August of 1974, should be barred by the three-year statute of limitations.

■ It may be that individuals such as the plaintiffs, untrained in the home construction industry, should recognize that cracks in the walls of a structure can indicate an unsound foundation. This question, however, should be resolved by the trier of fact. Additional fact questions are also apparent. In permitting defendants to patch with plaster the first cracks in the garage, and believing assurances allegedly made by defendants that the structure itself was sound, did plaintiffs exercise "reasonable diligence" in attempting to discover the structural defect, or should they have consulted an independent expert at this point? Also, did defendants actually assure plaintiffs that the structure was sound, and if so, did they intend to mislead the plaintiffs? These questions and others should be resolved by the trier of fact before the applicability of the statute of limitations to these two counts can be ascertained.

Since issues of material fact remain in dispute, the motions for summary judgment on Counts III and IV must be denied. *Schagrin v. Wilmington Medical Center, Inc.*, Del.Super., 304 A.2d 61 (1973).

\* \* \*

■ Count V of the complaint alleges negligence on the part of defendants in the improper construction and attempted repair of the plaintiffs' residence, and Count VI alleges wilful and wanton disregard of the facts relating to the foundation of the structure.

Defendants again say that any negligence on their part should have been apparent to plaintiffs on or about April, 1971, when plaintiffs first noticed the cracks in the garage and that the three-year statute of limitations bars these counts.

Plaintiffs argue that the delay in bringing the claim was induced by the attempted repairs and reassurances by defendants of no structural damage. Thus, they claim that the statute of limitations should be computed from the date of defendants' disclaimer of liability, as in *Nowell v. Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 108 S.E.2d 889 (1959), and that this action, brought on August 19, 1974, then would be within the time allowed by the statute of limitations.

The defendants twice attempted to repair the cracks in the garage walls before disclaiming liability, in the summer of 1972.

Plaintiffs had a very substantial time after defendants' disclaimer to bring any action before the statute ran from the date of the settlement. *Nowell* had a last minute promise which induced plaintiffs' delay,[1] and in *State Farm Mutual Automobile Insurance Co. v. Budd,* 185 Neb. 343, 175 N. W.2d 621 (1970), the defendant was estopped to plead the statute where he had tricked plaintiff until the last minute into believing all responsibilities would be honored.

The statute of limitations must have some significance. It should not easily be emasculated. Plaintiffs show no special circumstances in these two counts that would excuse the bar on estoppel grounds. Consequently, the statute must apply.

\* \* \*

Count VII of the complaint alleges deceptive trade practices in violation of 6 Del.C. § 2532. Since this cause of action is premised upon an allegation that the defendants "falsely represented the standard of the residence in an effort to create a likelihood of misunderstanding," it is subject to several factual determinations. Did the defendants, in fact, falsely represent the property. If so, did they intend to create a likelihood of misunderstanding? These questions must be resolved by the trier of fact.

Plaintiffs will present Order on notice.

1. 108 S.E.2d 889, 891: "We have found the trouble and made the necessary corrections. \* \* \* My company will be entirely responsible and we will remedy the situation, if it should occur."