**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Richard Ford HINKSON and William H. Uffelman, Defendants.**

Civ. A. No. 86–280–CMW.

United States District Court,
D. Delaware,

Aug. 14, 1987.

Daniel F. Wolcott, Jr., Potter, Anderson & Corroon, Wilmington, Del., for plaintiff.

Richard R. Wier, Jr., Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendant, Richard Ford Hinkson.

William H. Uffelman, Wilmington, Del., pro se.

OPINION

CALEB M. WRIGHT, Senior District Judge.

The Federal Deposit Insurance Corporation ("FDIC") brought this action on June 20, 1986 to recover monies defendants Richard Ford Hinkson and William Uffelman allegedly owe FDIC. Jurisdiction for the suit is based upon 12 U.S.C. § 1819 (1982). FDIC seeks repayment from Hinkson and Uffelman based upon documents signed by them on September 14, 1973 and on February 18, 1975. Now before the Court is defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

FACTS

On September 14, 1973, the Walters Bluff Corporation borrowed $400,000 from

the Farmers Bank of the State of Delaware. On that same date, the defendants, among others, executed the September 14, 1973 guaranty to provide further security for the Walters Bluff loan.[1] No payments were made to Farmers' under either the Walters Bluff loan or the guaranty. As a result of Walters Bluff's failure to make payment, a second note was executed on February 18, 1975. The second note has been in default since May 1, 1975.

Farmers Bank assigned its rights, title and interest to the September 14, 1973 note on September 10, 1976 and its rights, title and interest on the February 18, 1975 note on October 13, 1976 to FDIC.

■ Defendants were not the only personal guarantors of the Walters Bluff loan, and, on February 29, 1980, FDIC instituted a *scire facias sur* mortgage action against all the other personal guarantors. A settlement agreement was eventually reached between these parties and FDIC.[2] FDIC assigned its rights, title and interest to the original loan to Walters Bluff to ASG Associates on September 17, 1985. Defendants contend, and plaintiff does not contest, that this assignment extinguished FDIC's right to sue under the September 14 note, because that note, concededly a guaranty, passes to the assignee of the guaranteed obligation. 38 Am.Jur.2d *Guaranty* § 36 (1968). Count I of the complaint is, therefore, dismissed.[3]

Whether the same legal principle results in the dismissal of Count II depends upon whether or not the February 18, 1975 document is properly characterized as an independent note or a guaranty. Plaintiff contends that the February 18, 1975 document is an independent note and thus did not pass along with the underlying debt to ASG, while defendants contend that the February 18 document must be viewed as a

guaranty of the underlying debt. The Court will not decide this issue because the Count II claim is time barred.

## DISCUSSION

■ Suits brought by the FDIC are governed by the statute of limitations codified in 28 U.S.C. § 2415(a) (1982). *See, e.g.,* *F.D.I.C. v. Petersen*, 770 F.2d 141, 143 (10th Cir.1985); *F.D.I.C. v. Cardona*, 723 F.2d 132, 134 (1st Cir.1983); *F.D.I.C. v. Bird*, 516 F.Supp. 647, 650 (D.P.R.1981). Pursuant to § 2415(a):

> Every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues.

Whether the cause of action would have accrued from the date it accrued in the hands of FDIC's assignor or from the date of the cause of action's assignment to FDIC, six years have passed, thus barring the action.

■ Plaintiff contends, however, that it should be entitled to the same rights its assignor had, including the statute of limitations available to the assignor. Under Delaware law, a party to a contract under seal has twenty years to sue. *DiBiase v. A & D, Inc.*, 351 A.2d 865, 867 (Del.Super. 1976). If plaintiff has twenty years to bring suit, then this action is not time barred.

■ This Court must decide a narrow question: When the FDIC is assigned a claim, does it use as its statute of limitations the period that was available to its assignor, or the period prescribed by 28 U.S.C. § 2415(a)?

Plaintiff relies on *Federal Savings and Loan Insurance Corporation v. Scott*, C.A. No. 78–885–A, slip op. (E.D.Va. May

---

**1.** Uffelman has presented evidence to refute this allegation and has moved for summary judgment because the note lacks consideration. Because the note was under seal, no consideration would be required. *Hensel v. U.S. Electronic Corp.*, 262 A.2d 648, 651 (Del.1970). Moreover, there would remain a question of fact as to whether or not the loan was made in anticipation of Uffelman's signing. If this is true, then

there is valid consideration. Because the Court finds the statute of limitations issue dispositive, it need not make any rulings on this issue.

**2.** The agreement was filed under seal in this Court.

**3.** Defendants also contend that the second note voided the first by replacing it.

21, 1979) to argue that the federal agency steps into the shoes of its assignee for statute of limitations purposes.[4] The *Scott* court found that the FSLIC would be able to take advantage of the five year state statute of limitations available to its assignee rather than be bound by the three year federal statute of limitations, holding that

> [S]uch a result is justified ... given the overall fairness of the matter, given the fact that but for § 2415, there would be no limitations on the government's right to sue, given the fact that to rule otherwise would give FSLIC as assignee less rights than its assignor, and given the underlying thesis of [*United States v.*] *Summerlin*, [310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940),] that state statutes of limitations shall not be used to *restrict* the sovereign's rights. *Scott,* at 13. (emphasis in original).

*Scott* noted that in *Guaranty Trust v. United States,* 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938), the Supreme Court held that the government could not resurrect a claim that had been time barred when assigned to the United States. It would then be unfair, according to *Scott,* to prohibit the United States as assignee to take more than its assignor had in one case while forcing the United States to take less than its assignor possessed in another case.

The second half of the *Scott* analysis relies upon *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) for the proposition that a state statute of limitations could not restrict the federal government's right to sue. However, *Summerlin* also held that even when the United States received its rights through an assignment, it was not barred by a state statute of limitations. If the claims were still viable on the date of assignment, then the federal government could indeed take more than its assignor possessed, the *Guaranty Trust* limitation notwithstanding. The most important principle in *Summerlin* is that the federal government determines the statute of limitations applicable to it. Once the federal

government owns a claim, no matter how that claim became the government's, the state statute of limitations no longer applies.

The *Summerlin* rule has been applied more frequently in contexts allowing the federal government a longer time to sue, but the rule is phrased in a manner implying its use regardless of which statute of limitations is longer. *See, e.g., United States v. Sellers,* 487 F.2d 1268, 1269 (5th Cir.1973) ("Where the government acquires a derivative claim, whether by assignment, subrogation, or by other means, and that claim is not then barred by the state statute of limitations, the state statute ceases to run against the government at the time of such acquisition.").

Section 2415(a), passed long after *Summerlin* was decided, is a congressionally imposed limitation on the federal government's power to sue. Even though state governments do not have the power to limit the federal government's power to sue, the federal government has elected to constrain its own power. On its face, the language of the statute limits the federal government to six years to sue in contract actions. The legislative history supports the interpretation that the statute's goal was not to provide fairness between the private assignor and government assignee but instead to provide relative fairness between the private plaintiff—government defendant situation and the government plaintiff—private defendant situation.

> [A]s a matter of fairness, persons dealing with the government should have some protection against an action by the Government when the act occurred many years previously ... This committee further notes that it is significant that the statute of limitations applicable to actions in the Court of Claims is 6 years and similarly the period for barring civil actions against the United States governed by section 2401(a) of Title 28 of the United States Code is also fixed at 6 years. S.Rep.No. 1328, 89th Congress, 2d Sess. (1966), *reprinted in* 1966 U.S. Code Cong. & Admin.News 2502, 2508.

---

**4.** *Scott* involved the assignment of a tort, not a contract, cause of action.

Moreover, the Senate Report stated, "It is also clear that the enactment of this bill will not subject an agency of the United States, including a corporation to any state statute of limitations." *Id.* at 2508–2509. Neither the statute nor the legislative history makes a distinction between claims that directly belong to the federal government and claims that the federal government acquires derivatively, e.g., through an assignment.

Recent case law supports the interpretation that the FDIC is limited to the six year period provided in § 2415. The facts in *FDIC v. Petersen,* 770 F.2d 141 (10th Cir. 1985), are virtually indistinguishable from the facts in the instant case. The FDIC purchased a note from a bank and sued more than six years after the cause of action accrued. The FDIC argued that it was entitled to the same ten year state statute of limitations to which the bank had been entitled. The Tenth Circuit held, relying upon § 2415(a) and *United States v. Summerlin,* that the FDIC's cause of action only lasted six years despite the fact that its assignor had a longer time to bring suit. In a case where use of the federal statute of limitations resulted in dismissal of a claim that the claim's prior owner could have brought under state law, the Tenth Circuit relied upon the language in *Summerlin* stating that "[i]t is well settled that the United States is not bound by state statutes of limitations...." 770 F.2d at 143.

In *FDIC v. Barrera,* 595 F.Supp. 894 (D.P.R.1984), the court held that the six year federal statute, not the shorter state statute, applied to a claim assigned to the FDIC. Although *Barrera* gives the FDIC a longer statute of limitations than its assignor had, the court's logic applies to the instant case: "The existence of a clear Congressional intent to establish for the United States and its agencies a statute of limitations with respect to contract claims dictates the result that the provision of 28 U.S.C. § 2415 be applied to this action." *Id.* at 898.

The Court finds that the rule applied in *Petersen* is superior to that of *Scott* be-

cause it more closely follows the literal language of the statute and supports the policy of uniformity in dealings with the federal government. In situations where state statutes are shorter than the federal statute, the FDIC will reap the benefit of the longer federal statute of limitations. Thus, *Scott*'s fairness concern ignores the benefit the federal government still receives in certain situations that will place the government in a position superior to its assignor.

Last, the *Scott* rule creates a situation where the federal government will always have the option to pick and choose between the relevant state and federal statute of limitations. The Court, therefore, finds that the FDIC will be subject to the six year statute of limitations in § 2415(a).

In other cases, an issue arises as to when the cause of action accrues. Some courts have held that the FDIC's action accrues at the same time as its assignor's, *e.g., United States v. Cardinal,* 452 F.Supp. 542, 544 (D.Vt.1978), while others have found that the FDIC's cause of action accrues from the date of assignment. *See, e.g., FDIC v. Barrera,* 595 F.Supp. 894, 901 (D.P.R. 1984). The February 13, 1975 document was in default on May 1, 1975, creating the assignor's cause of action; Farmers Bank assigned its rights to FDIC on October 13, 1976. The Court will not rule on this issue because, under either theory the FDIC's action is time barred. Both the date the assignor's cause of action accrued and the date that FDIC received the assignment are more than six years prior to the date this suit was filed.

Because there is a six year limitation applicable to FDIC and because there is no issue of fact as to whether or not the cause of action accrued more than six years prior to the filing of this lawsuit, summary judgment will be granted in favor of defendants pursuant to Fed.R.Civ.P. 56.

An Order will enter in conformity with this Opinion.