**ARONOW ROOFING COMPANY, Appellant,**

v.

**GILBANE BUILDING COMPANY.**

**No. 89–3721.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 5, 1990.

Decided May 18, 1990.

David B. Hamilton, John A. Wolf, Ober, Kaler, Grimes & Shriver, Baltimore, Md., for appellee.

Roger A. Akin, Sawyer & Akin, P.A., Wilmington, Del., for appellant.

Before HIGGINBOTHAM, Chief Judge and COWEN and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

In this diversity case, Aronow Roofing Co. ("Aronow") appeals from a summary judgment granted to Gilbane Building Co. ("Gilbane"), because the statute of limitations had expired on Aronow's claim. At issue is whether the contract is under seal and, as a specialty, subject to a twenty

year, not a three year limitations period. The district court concluded that the document was not under seal and subject to the three year limitation. We agree and will affirm.

## I.

Pursuant to a primary construction contract between Gilbane and the Nemours Foundation concerning the A.I. DuPont Hospital, Gilbane subcontracted with Aronow to perform roofing work on a hospital. After the contract was negotiated, Gilbane sent Aronow an unsigned subcontract along with instructions for executing that contract. One of the instructions required the subcontractor to affix its corporate seal to the document and have the signature witnessed. Marvin Aronow, Vice–President of Aronow, complied with this instruction, signed and affixed the corporate seal to the subcontract and then returned it to Gilbane. David Gregory, Gilbane's Regional Manager, signed the subcontract on behalf of Gilbane without affixing its corporate seal and returned a copy to Aronow. Aronow completed the roof in June, 1982. Several disagreements arose out of Aronow's subcontracting work, including: (1) completion of Aronow's obligations; (2) the amount of money owed to Aronow; and (3) Aronow's contractual promise to guarantee the roofing work. Aronow provided Gilbane with an acceptable guarantee in June, 1987.[1]

Aronow brought this action in 1988, claiming that Gilbane had breached the contract by failing to pay money due. Gilbane filed a motion for summary judgment, maintaining that the three year statute of limitations period for breach of contract actions had expired in June, 1985. The district court granted defendant's motion on September 28, 1989 and this appeal followed.

## II.

■ On review, we apply the same test for summary judgment which the district court applied with all evidentiary inferences resolved in a light most favorable to the non-moving party. *Erie Telecommunications, Inc. v. City of Erie,* 853 F.2d 1084, 1093 (3rd Cir.1988). Summary judgment will be granted where the non-moving party fails to "establish the existence" of an element essential to the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, summary judgment becomes appropriate where no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *see* Fed.R. Civ.P. 56(c).

## III.

■ The claim is subject to Delaware law which provides a three-year limitation for causes of action based upon contracts. 10 Del.C. § 8106. Aronow first argues that the statute did not begin to run until Gilbane accepted the roof guarantee which, it claims, constituted the final act under the contract.

Under Delaware law, however, the statute of limitations begins to run when the contract is breached. *Freedman v. Beneficial Corp.,* 406 F.Supp. 917, 923 (D.Del. 1975). The duty to pay arises upon completion of construction. The roofing work was completed by Aronow in 1982. Aside from any lingering guarantee disputes unrelated to completion of the actual work, Gilbane refused to pay in 1982 and the alleged breach occurred at that time. Gilbane's 1987 acceptance of the roofing guarantee does not renew Aronow's cause of action. Therefore, if Aronow's cause of action is subject to the three year statute of limitations, it is barred by operation of law.

## IV.

■ Aronow next claims that the contract in question was "under seal" and, therefore, not subject to the three year statute of limitations. *Monroe Park v. Metropolitan Life Ins. Co.,* 457 A.2d 734, 737 (Del.Super.1983); *DiBiase v. A. & D.,*

---

**1.** The guarantee listed the date of completion as   June, 1982.

*Inc.,* 351 A.2d 865, 867 (Del.Super.1976). Sealed contracts are subject to a twenty year statute of limitations period. *Federal Deposit Ins. Corp. v. Hinkson,* 665 F.Supp. 356, 357 (D.Del.1987), *citing DiBiase,* 351 A.2d at 867. For a contract to be under seal and thus a specialty, it must contain language in the body of the contract, a recital affixing the seal, and extrinsic evidence showing the parties' intent to conclude a sealed contract. *President and Directors, Etc. v. Madden,* 505 F.Supp. 557, 585 (D.Md.1980), *modified,* 660 F.2d 91 (4th Cir.1981); *see also* 1A Corbin, Contracts § 242 at 396 (1963). The mere existence of the corporate seal and the use of the word "seal" in a contract do not make the document a specialty. *Id.* In *Madden,* the administration at Georgetown College brought suit against the architects, structural engineers, general contractor, masonry subcontractor and surety, alleging negligence and breach of a construction contract. Despite the existence of a corporate seal and the use of the word "seal" in the contract, the court concluded that the parties never manifested an intent to create a sealed document and held them to the contract statute of limitations. *Id.* at 585–587.

The only evidence of a sealed contract here is Aronow's corporate seal on the signature page. Looking at the contract in the light most favorable to Aronow, we cannot conclude more than that Gilbane requested the seal to assure itself that the contract was an act of the corporation with which it was dealing, and not merely some individual. There is simply no manifested intent to create a contract under seal; no language in the body of the contract to suggest that the contract is under seal; and, no recital appears before the corporate seal to evidence any intent to create a specialty. The district court properly concluded that the contract was not under seal, subject to the three year statute of limitations period defined in 10 Del.C. § 8106 and barred by operation of law.

For the foregoing reasons, we will affirm.