**MILFORD FERTILIZER COMPANY, Plaintiff,**

v.

**Eric J. HOPKINS, Defendant.**

C.A. No. 00C–05–046 JTV.

Superior Court of Delaware, Kent County.

Submitted: Jan. 10, 2002.

Decided: April 30, 2002.

Glynis A. MacAnanny, MacAnanny & Gioia, LLP, Dover, DE, for Plaintiff.

John W. Paradee, Prickett, Jones & Elliott, Dover, DE, for Defendant.

## OPINION

VAUGHN, Resident Judge.

This is an action on a promissory note. The defendant has moved for summary judgment, contending that the plaintiff's claim is barred by 10 *Del. C.* § 8109, which reads as follows:

> When a cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action.

The plaintiff concedes that this action was not filed within six years from the time the action accrued. In addition, the parties agree that promissory notes not under seal are subject to a six-year statute of limitations.[1] The issues presented are whether, viewing the evidence in the light most favorable to the plaintiff, the note involved here is a note under seal, and, if so, whether it is subject to 10 *Del. C.* § 8109.

The promissory note signed by Mr. Hopkins is a typical form of note. It is dated December 23, 1993. Under its terms, Mr. Hopkins promises to pay Milford Fertilizer Company, on demand, the sum of $39,000.00, together with interest at 9 percent per annum. It contains no unusual clauses or clauses unrelated to its purpose as a promissory note. The only evidence that the note was signed under seal appears in its testimonium clause and

---

1. 6 *Del. C.* § 3–118(a) also provides for a six year statute of limitations on notes. Subsection (h) provides, however, that 3–118 is not intended to affect the common law rule in this state for notes under seal.

on the signature line. The testimonium clause reads as follows:

WHEREFORE, DEBTORS being indebted to MILFORD as above stated, do hereunto set their hands and seals on the date above written, intending to be fully bound hereby.

The defendant signed the note below the testimonium clause, and the preprinted word "SEAL" appears to the right of his signature. The word "DEBTORS" is used in the plural no doubt in contemplation that the form may be used where there are two or more debtors. In this case, Mr. Hopkins is the only debtor.

## THE PARTIES' CONTENTIONS

The defendant contends that the note is not under seal. He contends that in order for a note to be under seal, it must have a recital affixing the seal, there must be language in the body of the note indicating that the note is under seal, and there must be extrinsic evidence proving the parties' intent that the note be under seal. Here, he argues, there is no language in the body of the note which indicates an intent that the note be under seal, and there is no extrinsic evidence that the note was intended to be under seal. He also contends that this Court has previously held that the "type of boilerplate" reflected in the testimonium clause and the word "SEAL" after the signature are insufficient to form a contract under seal. He relies upon the following cases as support for his contentions: *Aronow Roofing Co. v. Gilbane Bldg. Co.;*[2] *American Tel. & Tel. Co. v. Harris Corp.;*[3] and *Kirkwood Kin Corp. v. Dunkin' Donuts, Inc.*[4]

The defendant also contends that 10 *Del. C.* § 8109 applies to actions on notes under seal as well as those not under seal. In support of this argument, he points to the language of the statute, which refers to promissory notes without qualification. He also contrasts 10 *Del. C.* § 8103, the general three year limitations statute, which expressly excepts from its reach debts evidenced "by an instrument under seal." The omission of any exception in the six-year statute for those promissory notes which are under seal, he argues, must mean that they are subject to its bar.

The plaintiff contends that the note in question is an instrument under seal and that such notes are not subject to 10 *Del. C.* § 8109.

## STANDARD OF REVIEW

Summary judgment is appropriate if, after viewing the record in the light most favorable to the non-moving party, the court finds no genuine issue of material fact.[5] However, if from the evidence produced, there is a reasonable indication that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment will not be granted.[6] When the facts permit a reasonable person to draw but one inference, the question becomes one for decision on summary judgment.[7] If the basic facts are not

2. 902 F.2d 1127 (C.A.3, Del.1990)

3. 1993 WL 401864 (Del.Super.)

4. 1995 WL 411319 (Del.Super.)

5. *Guy v. Judicial Nominating Comm'n,* 659 A.2d 777, 780 (Del.Super.Ct.1995); *Figgs v. Bellevue Holding Co.,* 652 A.2d 1084, 1087 (Del.Super.Ct.1994).

6. *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del.Supr.Ct.1962), *rev'd in part and aff'd. in part,* 208 A.2d 495 (1965)

7. *Frelick v. Homeopathic Hosp. Ass'n,* 150 A.2d 17 (Del.Supr.Ct.1959); *Wootten v. Kiger,* 226 A.2d 238 (Del.Supr.Ct.1967).

in dispute and point to only one justifiable conclusion, summary judgment is appropriate.[8] In discharging this function, the Court must view the evidence in the light most favorable to the non-moving party. In so doing, the Court will accept as established all undisputed factual assertions made by either party, and accept the non-movant's version of any disputed facts.[9]

## DISCUSSION

Delaware courts have long recognized that the presence of the word "SEAL" next to and on the same line as the signature of an individual debtor on a promissory note is legally sufficient, without more, to establish that the note is signed under seal. In *In Re Estate of Beyea*,[10] the Orphan's Court, over which Superior Court judges presided, considered whether two promissory notes were obligations under seal for the purpose of determining the order of preference of claims against an estate. The two promissory notes in that case did not contain a testimonium clause. They did contain the word "SEAL," however, to the right of and on the same line as the debtor's signature. In holding that the notes were sealed instruments, the Court reasoned as follows:

[i]t has been a matter of general and common knowledge in this state for many years past that usage and custom has sanctioned the use of printed forms of notes and other contracts with the word "Seal" printed on the form immediately to the right of the place intended for the signature, and that when such a printed form is used for the purpose for which it was intended, and is signed to the left of and in line with the printed word "Seal," upon the delivery of the executed obligation for or on behalf of the maker to the person for whom it was intended, or to his authorized agent, the character of the obligation of the maker is that of an obligation or contract under seal, irrespective of whether there is any indication in the body of the obligation itself that it was intended to be a sealed instrument.[11]

Four years later, the federal district court for Delaware found that a debt instrument having a testimonium clause and signature line substantially the same as the note involved in this case was "obviously" under seal.[12] In a later case, *Peninsula Methodist Homes and Hospitals, Inc. v. Architect's Studio*, this Court found that the word "SEAL" printed to the right of a party's signature on a contract for improvements to real estate, together with a testimonium clause similar to the one here, was "ample evidence" that the contract was signed under seal.[13]

The *Aronow* case cited by the defendant was one in which two corporations entered into a contract for improvements to real estate. The only evidence of a seal was the fact that one of the two corporations had affixed its corporate seal on the signature page. A corporate seal impressed on the signature page of a contract, however, may mean nothing more than that the signing is an authorized corporate act. The fact that a corporate seal is affixed on a signature page, in and of itself, would not ordinarily be thought to convert a contract from one not under seal to one under seal.

8. *489.137 Square Feet of Land v. State ex rel. Price,* 259 A.2d 378 (Del.Supr.Ct.1969).

9. *Merrill v. Crothall–American, Inc.,* 606 A.2d 96, 99–100 (Del.Supr.Ct.1992).

10. 15 A.2d 177 (Del. Orphan's Ct.1940).

11. *Id.* at 180.

12. *Alropa Corp. v. Myers,* 55 F.Supp. 936, 939 (Dist.Del.1944).

13. 1985 WL 634831 (Del.Super.)

American Tel. & Tel. Co. was also a contract involving corporations. The only evidence of a seal was the fact that the word seal appeared below the corporate signature blocks and the corporate seal of each corporation was impressed on the agreement. The Court, citing *Aronow,* reasoned that the mere use of the word "SEAL" and the affixing of the corporate seal were, in and of themselves, insufficient evidence of an intent to make the contract one under seal. In that circumstance, the use of the word "SEAL" may be nothing more than a suggested location for the impression of the corporate seal to authenticate the signature of the corporate officer. It is noteworthy that American Tel. & Tel. Co. spoke approvingly of Peninsula. In doing so, the Court accepted the conclusion in Peninsula that the act of signing one's name by the preprinted word "SEAL," together with a clause in the instrument stating that the parties had set thereon their seals, is "ample evidence" of an intent to create a sealed instrument.

Kirkwood Kin Corp. involved franchise and lease agreements. The Court there, relying on *Aronow* and *American Tel. & Tel. Co.,* held that a testimonium clause similar to the one involved in this case plus the presence of the corporate seal after the parties' signatures, by themselves, were insufficient to create a contract under seal. I am not persuaded, however, that Kirkwood Kin Corp. requires a similar finding in this case. Kirkwood Kin Corp. did not involve promissory notes, unlike *In re Estate of Beyea.* In addition, Kirkwood Kin Corp. relies upon *American Tel. & Tel. Co.,* which, as mentioned, expressly recognizes the authority of *Peninsula's* holding that a testimonium clause reciting that a contract was signed under seal, and the word "SEAL" to the right of the signature, were sufficient to establish that the contract was under seal. To the extent, if at all, that there is any inconsistency between Peninsula and *Kirkwood,* I find Peninsula the more persuasive authority.

■ Many states have abolished the distinction between a sealed and an unsealed instrument. Delaware has not done so. Here the recital in the testimonium clause that the note is being signed under seal, and the presence of the word "SEAL" to the right of the defendant's signature, are clearly sufficient to establish that the note is under seal.

■ This leads to the remaining issue, which is whether 10 *Del. C.* § 8109 requires that actions on notes under seal be brought within six years of their accrual. This question was considered by the Court in *Lewis v. Delaware Trust Co.*[14] In that case the Court carefully considered the statutory history of 10 *Del. C.* § 8109 [15] and its relationship to 10 *Del. C.* § 8106.[16] The latter statute requires that certain actions be brought within three years of their accrual, including actions "to recover a debt not evidenced by a record or by an instrument under seal." It reasoned that the scope of the six-year statute was limited to those actions described therein which would otherwise be subject to the three-year statute, and that the six-year statute was not intended to create a six-year limitations period for actions which were not described in the three-year rule. Since an action on a promissory note under seal was excluded from the three-year statute in the first instance, the Court reasoned, it was not barred by the six-year statute. It concluded that actions on promissory notes

**14.** 51 A.2d 852 (Del.Super.Ct.1947).

**15.** Then Section 5131 of the Revised Code of 1935.

**16.** Then Section 5129 of the Revised Code of 1935.

under seal were governed, instead, by the common law presumption of payment after twenty years. I have no reason not to follow the carefully considered decision of the Court in that case. Although the language of 10 *Del. C.* § 8106 has undergone some modification in the intervening years, neither those modifications nor any other statutory enactment affects the *Lewis* decision or its continuing vitality. Promissory notes under seal are not subject to 10 *Del. C.* § 8109.

Since there is sufficient evidence to establish that the note which Mr. Hopkins signed is under seal, and since notes under seal are not subject to 10 *Del. C.* § 8109, the defendant's motion for summary judgment is *denied.*

**IT IS SO ORDERED.**